THE MCHATTIE LAW FIRM, LLC
Christopher J. McHattie, Esq.
(Bar No. 035251987)
Michael V. Gattoni, Esq.
(Bar No. 238152018)
550 West Main Street
Boonton, New Jersey 07005
Telephone:  973-402-5505
Facsimile:  973-400-4110
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KALUSTYAN CORPORATION<br><br>*Plaintiff,*<br><br>v.<br><br>MARHABA INTERNATIONAL, INC.; JOHN DOES 1-10 (name being fictitious for individuals whose identities are currently unknown); and ABC ENTITIES 1-10 (names being fictitious for corporate or other legal entities whose identities currently remain unknown)<br><br>*Defendants.* | CIVIL ACTION NO.: 2:25-cv-9520<br><br>**COMPLAINT** |

Plaintiff, Kalustyan Corporation ("Kalustyan" or "Plaintiff"), by way of complaint against Defendants Marhaba International, Inc. by and through its counsel, hereby alleges and avers as follows:

### THE PARTIES

1.      Plaintiff Kalustyan Corporation ("Kalustyan Corp.") is a corporation organized and existing under the laws of the State of New Jersey and having its principal place of business at 855 Rahway Avenue, Union, New Jersey 07083.

1

2.      Defendant Marhaba International, Inc. ("Marhaba") is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 123 Lexington Avenue, New York, New York 10016.

3.      Upon information and belief, Marhaba has caused and or directed the acts hereafter alleged.

4.      John Does 1-10, being fictitious names, are individuals whose true identities have not yet been discovered that have acted in active concert with Marhaba and or otherwise participated in the wrongful acts against Plaintiffs that are set forth herein.

5.      ABC Entities 1-10, being fictitious names, are entities whose true identities have not yet been discovered that have acted in active concert with Marhaba or otherwise participated in the wrongful acts against Plaintiffs that are set forth herein. Collectively, Marhaba, John Does 1-10 and ABC Entities 1-10 will be referred to as the "Defendants."

<u>**JURISDICTION AND VENUE**</u>

6.      This is an action in which the Plaintiff is seeking declaratory, pecuniary and injunctive relief from acts of the Defendants arising under the Trademark and Unfair Competition Laws of the United States, 15 U.S.C. § 1051 et seq., for related claims of unfair competition and breach of contract under the common law of the State of New Jersey arising out of the same operative facts.

7.      Jurisdiction is proper in the United States District Court pursuant to 15 U.S.C. §§ 1331, 1338(a) and (b); 15 U.S.C. § 1121, and under principles of pendent jurisdiction.

8.      Personal jurisdiction is proper in this district because Defendants solicit, market, advertise, and sell infringing products in New Jersey.

9.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391 (b) and (c) because on information and belief, a substantial part of the events giving rise to Plaintiff's

claim occurred in this district, including that Defendants have committed acts of trademark infringement in this judicial district and have sold, advertised, and promoted their infringing products and services in this district.

## FACTS COMMON TO ALL CLAIMS

10.     Kerope Kalustyan began use of the KALUSTYAN® and KALUSYTAN'S® (collectively "KALUSYTAN®") brand as the name of a retail store, featuring spices, in 1944 at 123 Lexington Avenue, Manhattan, New York.

11.     On January 6, 1948, he formed Kalustyan Orient Expert Trading Corporation ("Kalustyan Orient") and for all time thereafter operated all KALUSYTAN® business under that brand and trademark.

12.     Between 1948 and 1979, Ohannes Bas ("Bas") became a principal in and President of, Kalustyan Orient.

13.     In 1983, Bas bought the building at 123 Lexington Avenue and continued to run Kalustyan Orient's KALUSYTAN'S® retail operation out of that location and an entity controlled by the Bas family owns that building today.

14.     At least as early as 1988, Bas brought Errol Karakash into Kalustyan Orient.

15.     At least as early as 1988, KALUSTYAN was (a) a well-known global importer, processor, and seller of spices, capsicums, herbs, aromatic, and essential oils under the KALUSYTAN® mark, (b) the entity who succeeded to all right, title and interest, including but not limited to intellectual property rights and rights in the KALUSYTAN® brand and trademark, (c) and predecessor to Kalustyan Corp.

16.     In 1988, Bas sold the contents of the retail KALUSYTAN'S® store business to Aziz Osmani and Marhaba (or its predecessors in interest) by selling the inventory, providing a

lease for the store premises in the building he owned, and granting a limited license to Marhaba to use the KALUSYTAN'S® brand at that location (the "Limited License").

17.     The Limited License permitted Marhaba to use the KALUSYTAN'S® brand restricted to retail sales at the 123 Lexington Avenue location *only*.

18.     Bas or entities controlled by him continued to own and maintain the building.

19.     In April of 1995, Bas and E. Karakash merged Kalustyan Orient into Plaintiff Kalustyan Corp. and Kalustyan Corp. succeeded to all right, title and interest, including but not limited to intellectual property rights and rights in the KALUSYTAN® brand and trademark and Kalustyan Corp. remains to this day the succeeding and surviving entity, thereafter, conducting all KALUSYTAN® business as the trademark proprietor.

20.     Kalustyan Corp. continued in the distribution of spices, seasoning blends, spice mixes, capsicums, herbs, aromatics and essential oils, and continues to do so today.

21.     On April 19, 2011, Marhaba filed a trademark application Serial No. 85/297939 (the "'939" registration) for KALUSYTAN'S in connection with "Baking spices; Bean paste; Bean-starch noodles (harusame, uncooked); Biryani seasoning paste; Chili paste for use as a seasoning; Chutney; Curry pastes; Dry spice rub for meats and fish; Extracts used as flavoring; Fermented hot pepper paste for use as a seasoning; Garlic paste for use as a seasoning; Ginger paste for use as a seasoning; Grain-based beverages; Grain-based chips; Grain-based food bars also containing nuts; Grain-based food beverages; Grain-based snack foods; Multigrain-based snack foods; Rice; Rice starch flour; Rice-based snack foods; Seasoned coating for meat, fish, poultry; Seasoning pastes; Seasonings; Soya bean paste; Spice blends."

22.     Shortly thereafter, in 2011, Aziz Osmani and Sayedul Alam, the principals of Marhaba, acknowledged and admitted that their use of the KALUSTYAN'S name for the retail store was pursuant to the Limited License.

23.     May 5, 2011, Bas, as a controlling party of Kalustyan Corp., filed applications with the United States Patent and Trademark Office to register the mark KALUSTYAN'S® and KALUSTYAN'S® logo applications for federal registration of the KALUSYTAN'S® mark and logo for, inter alia, retail store services and was granted United States Trademark Registration Nos. 4,067,225 (the "'225 Registration") and 4,111,239 (the "'239 Registration") (the "Kalustyan Registrations").

24.     Subsequently, on October 6, 2011, Marhaba expressly abandoned their '939 trademark application.

25.     The '225 and '239 Registrations both used specimens of Marhaba's Kalustyan's Retail operation when filed.

26.     The Kalustyan Registrations filed by Bas were not opposed or in any way objected to by Marhaba.

27.     While the '239 Registration has been abandoned and cancelled, the '225 Registration is now Incontestable.

28.     At all times relevant hereto, the specimens for the '225 Application were specimens of Defendant Marahaba's use as licensee of the trademark proprietor, Plaintiff Kalustyan Corp.

29.     Bas passed away on December 3, 2011.

30.     On January 1, 2012, E. Karakash and Kalustyan Corp, entered into a Settlement Agreement with E. Bas, as the Executrix of the Estate of O. Bas (the "Estate"), assigning the rights to the KALUSTYAN® marks to Kalustname, LLC (the "2012 Assignment").

31.     The 2012 Assignment to Kalustname was subject to a license to JB Antiquities &

Numismatics LLC, made and entered into on August 27, 2012 (the "2012 License Agreement")

**for retail goods and services only**, and also stated, in relevant part:

> 3. *Sublicenses*.
>
> (a) Licensee agrees that for any sublicenses granted by Licensee, such sublicense
> shall be upon the same terms and conditions as this Agreement with the exception
> of the right of the sublicensee to grant sublicenses, and the sublicensee shall agree
> in writing to be bound by the terms and conditions of this Agreement.
>
> (b) If this Agreement is terminated for cause pursuant to Paragraph 7, any and all
> sublicenses are also terminated. …

32.     On April 11, 2017, the 2012 License Agreement from Kalustname to JB Antiquities

was terminated in an agreement that states, in relevant part:

> 2.1 SUBLICENSEE
>
> JB has orally permitted Marhaba International Inc. DBA Kalustyan's, a New York
> corporation**, to operate a retail store at 123 Lexington Avenue**, New York, NY
> 10016 using the mark KALUSTYAN'S, **as a licensee at one location in
> Manhattan**. JB has not licensed any other person to use the mark KALUSTYAN.
>
> 3.1 LICENSE
>
> Kalustname will use reasonable, good faith efforts to enter into a written, royalty-
> free license agreement whereby Marhaba International Inc. DBA Kalustyan's, a
> New York corporation, will be licensed in perpetuity to operate a retail store only
> at 123 Lexington Avenue, New York, NY 10016 under the mark KALUSTYAN'S.

33.     In or around April of 2017, Kalustname, LLC, as the owner of the

KALUSYTAN'S® brand and registrations for the mark KALUSYTAN'S®, confirmed the

Limited License to Marhaba to use the mark KALUSYTAN'S® to operate a retail store only at

123 Lexington Avenue, New York, New York.

34.     On May 5, 2017, the '225 Registration's Declaration of Use and Incontestability

under Sections 8 & 15 were filed using a photo of Marhaba's Kalustyan's retail location.

35.    On October 5, 2017, Kalustname LLC assigned the rights to the KALUSTYAN® trademarks to Kalustyan Corp. (the "2017 Assignment").

36.    Neither Bas, nor any other party, has assigned rights to the KALUSYTAN'S® marks to Marhaba.

37.    On or around June 10, 2016, in violation of its Limited License, Marhaba improperly filed applications (Serial Nos. 87067828 and 87253783) to register the KALUSYTAN'S® mark as its own trademark, which applications went abandoned as a result of failures to respond to Office Action issued, *inter alia*, on September 26, 2016, wherein Plaintiff's Registrations were cited against them.

38.    Thereafter, on or about December 5, 2016, Defendant filed a Petition to Cancel Plaintiff's '225 Registration and '239 Registration (the "2016 Petition to Cancel").

39.    The 2016 Petition to Cancel was withdrawn by Defendant.

40.    At all times relevant hereto, and through the current date, all use of the KALUSYTAN'S® brand by Marhaba has been for the benefit of, and accrued to the account of, Plaintiff Kalustyan Corp.

41.    The mark, "KALUSYTAN'S®" is used as the store name by Marhaba and as a trademark for certain products sold at or in connection with the store, including KALUSYTAN'S® foods, teas, condiments, nuts, sweets, frozen foods, flours, rice, spices and spice blends.

42.    Plaintiff Kalustyan Corp. and its predecessor in interest has and continues to use the mark KALUSTYAN® for the distribution of spices, seasoning blends, spice mixes, capsicums, herbs, aromatics, and essential oils.

43.    Kalustyan Corp. has made a significant investment in quality control and high-quality standards such that the mark KALUSTYAN® has come to be recognized as representing

the highest quality of spices, seasoning blends, spice mixes, capsicums, herbs, aromatics, and essential oils as sold by Kalustyan Corporation.

44.    Marhaba, for the benefit of Plaintiff, uses the logo below and variations thereof for



the retail store and products sold at or in connection with the store:

45.    Kalustyan Corp. uses the logo below and variations thereof for the importation, processing, and industrial wholesale distribution of spices, seasoning blends, spice mixes, capsicums, herbs, aromatics and essential oils.

46.    Kalustyan Corp. has achieved recognition for the mark KALUSYTAN® and its



logo,                                    , for its products and services.

47.    Kalustyan Corp. owns the following live trademark registrations:

| Reg. No. 4067225 Registration Serial/App No. 85313251 ("'225 Reg.") | KALUSTYAN'S | Class 035.<br>For: Retail store services featuring spices, nuts, process herbs, healthy snacks, confectionaries, and other food products" in Class 35 |
|---|---|---|
| Reg. No. 6721958 Registration Serial/App No. 90615908 ("'958 Reg.") |  | Class 030.<br>For: Spices; Herb tea; Herb teas; Spice blends; Spice mixes; Spices in the form of powders; Cardamom; Curry spice mixture; Curry powder; Dried herbs; Dried herbs in powdered form; Edible spices; Masala powder and spices; Mixed spice powder; Mustard powder; Natural spices; Organic spices; Pepper spice; Preserved herbs as seasonings; Preserved garden |

| | | |
|---|---|---|
| | | herbs as seasonings; Processed herbs |
| Reg. No. 6750391 Serial No. 90542992 ("'391 Reg.") |  | Class 030.<br>For: Herb tea; Herb teas; Spice blends; Spice mixes; Spices; Spices in the form of powders; Cardamom; Curry spice mixture; Curry powder; Dried herbs; Dried herbs in powdered form; Edible spices; Masala powder and spices; Mixed spice powder; Mustard powder; Natural spices; Organic spices; Pepper spice; Preserved herbs as seasonings; Preserved garden herbs as seasonings; Processed herbs<br><br>Class 035.<br>On-line retail store services featuring food products, namely, spices, nuts, processed herbs, healthy snacks, confectionaries, and other food products; retail store services featuring food products, namely, spices, nuts, processed herbs, healthy snacks, confectionaries, and other food products |
| Reg. No. 6811308 Serial No. 90504332 ("'308 Reg.") | KALUSTYAN'S | Class 030.<br>For: Dry seasoning mixes for spices, nuts, processed herbs, healthy snacks, and confectionaries; Extracts used as food flavoring; Flavorings, other than essential oils, for cakes; Flavorings, other than essential oils, for foods; Flavorings, other than essential oils, for soups; Sauce mixes; Spice mixes; Spice rubs; Spices for Gravies, Curries, Savory sauces used as condiments, dry seasoning |

| | | |
|---|---|---|
| | | mixes for use in food preparation for flavoring<br><br>Class 035.<br>On-line retail store services featuring food products, namely, spices, nuts, processed herbs, healthy snacks, confectionaries, and other food products |
| Reg. No. 5827681, Application Serial No. 88276718 ("'681 Reg.") | KALUSTYAN | Class 030.<br>For Spices; spice mixes; seasonings, namely, capsicums; dried herbs; aromatics being food seasonings |
| Reg. No. 6750773 Serial No. 90675180 ("'773 Reg.") |  | Class 035.<br>Wholesale and retail store services featuring spices; Wholesale store services featuring spices; On-line wholesale and retail store services featuring spices<br><br>Class 040.<br>For: Contract manufacturing of spices for others; custom blending of spices for others |

48.     On or about April 6, 2018, Kalustyan Corp. filed an action against Marhaba in the United States District Court for the District of New Jersey (the "2018 Litigation") for, *inter alia*, infringement of the KALUSYTAN® mark owned by Kalustyan Corp. and for violating the Limited License agreement by using the KALUSYTAN'S® mark in association with, inter alia, sales of spices and food products over the Internet.

49.     Thereafter, the parties to that action, Kalustyan Corp. and Marhaba, entered into negotiations in an effort to resolve the dispute and the controversy between the parties.

50.    On or about January 16, 2019, Kalustyan Corp. and Marhaba executed a Settlement Agreement, which is in effect a restatement of the Limited License granting Marhaba the right to continue using the KALUSYTAN'S® brand at the single brick and mortar store and other ancillary rights thereto (the "Settlement Agreement").

51.    On January 23, 2019, the 2018 Litigation was dismissed **with prejudice**.

52.    The Settlement Agreement states, in pertinent part:

a.    Without making an assignment of any preexisting rights:

    1.    **Mark Ownership.** Subject to the restrictions and covenants set forth in this Agreement, the Parties agree:

    (a)    Marhaba owns the mark KALUSTYAN'S for (i) retail store services *at the retail location of 123-125-127 Lexington Avenue, New York, New York*, and any additional location(s) as permitted under this Agreement; and (ii) products now available at its retail location other than and not including spices, seasoning blends, spice mixes, capsicums, herbs, essential oils and aromatics; and

    (b)    Kalustyan Corp. owns the mark KALUSTYAN for the wholesale sale of spices, seasoning blends, spice mixes, capsicums, herbs, essential oils and aromatics, directly or by online sales, to retailers, industrial buyers, commercial buyers, food service businesses, institutional businesses, restaurants, chefs or other professional business users or to other wholesalers.

b.    Marhaba agreed to cease exclusive use of www.kalustyans.com:

    2.    **Shared Webpage.** Within two (2) months following the Effective Date, the homepage associated with the domain name kalustyans.com will be configured to provide only information regarding, and links to further webpages or websites with information and ecommerce capabilities for, the separate businesses of Marhaba and Kalustyan Corp. as shown for example in Exhibit A or in such other manner agreeable to both Marhaba and Kalustyan Corp. . . .

c.    License grant to Marhaba:

    3.    **Use of KALUSTYAN'S by Marhaba.**

(a) Permitted Retail Store(s). Marhaba shall use the KALUSTYAN'S mark *only for the one retail store location* in the New York - New Jersey - Connecticut tristate area ("Permitted Area"). For purposes of this Agreement, "one retail store location" means and includes the use of adjoining or nearby premises, such as the use of 123

Lexington Avenue, 125 Lexington Avenue and 127 Lexington Avenue for the current retail store ("Current Retail Store") . . . "Permitted Retail Stores"). . . .

(b) Products Sold at Permitted Retail Stores. *Marhaba may sell* at Permitted Retail Stores products labeled with the KALUSTYAN'S mark, including (i) KALUSTYAN'S spices, seasoning blends, spice mixes, capsicums, herbs, essential oils and aromatics *in packaging sizes up to and including five (5) pounds* ("*Retail Kalustyan's Spices*") and (ii) other KALUSTYAN'S products in any packaging size ("*Non-Spice Kalustyan's Products*"). . . . For purposes of this Agreement, "spices, seasoning blends, spice mixes, capsicums, herbs, essential oils, and aromatics" does not include, among other things, foods, food additives, condiments, chutneys, dried mushrooms or other dried foods such as beans and chilies, teas, medicinal herbs, coffees, rice, flours, grains, nuts, sugars, oils other than essential oils, frozen foods, and refrigerated foods, and any items (other than spices, seasoning blends, spice mixes, capsicums, herbs, essential oils, and aromatics) that are sold in bottles, tins, cans or jars.

(c) . . .

(d) Manner of Sale at Permitted Retail Stores. Retail Kalustyan's Spices may be sold only at Permitted Retail Stores through direct over the counter sales and local delivery by Marhaba or Marhaba's designees and through third-party order and local delivery services, applications or platforms as Mercato, Grubhub, ChowNow and the like. *No Retail Kalustyan's Spices may be shipped to a customer by mail, air-courier, Federal Express, UPS, or any other not local delivery means. Marhaba may not knowingly sell Retail Kalustyan's Spices for resale by third parties on the internet (such as on Amazon or Ebay).* There is no restriction on Marhaba's manner of sale of Non-Spice Kalustyan's Products or of products (including spices) that are not labeled with the KALUSTYAN'S brand.

(e) . . .

(f) . . . Domain Names. Marhaba owns the domain name kalustyans.com and may use that domain name and all related email addresses on its product packaging, on its store receipts, on its shopping bags, on its business awnings, and otherwise as may be desired to operate and advertise and run its businesses. Marhaba may not use other domain names that include "kalustyan" unless said domain name also includes "retail" and/or "nyc" and/or other geographic reference logical to the location of the Permitted Retail Stores. *On any packaging for products as to which this Agreement otherwise restricts the use of the KALUSTYAN'S mark (such as spices sold online by Marhaba), the size of a domain name with the Kalustyan name may be no larger than 10 point font.*

(g) Online Sales. *Marhaba may use one or more of its domain names that do not use the KALUSTYAN'S or KALUSTYAN names, such as riceandbean.com, spiceandsweet.com, forspice.com, foodsofnations.com, or such other domain name as Marhaba may acquire, for ecommerce or other business including to offer for sale, sell and accept online orders for products that Marhaba sells in its retail store except for Retail Kalustyan's Spices which cannot be sold online. Other than in manners consistent with making products from the Permitted Retail Stores available through local delivery services, no site used by Marhaba may show, list, depict, promote, advertise or offer for sale any of the Retail*

12

***Kalustyan's Spices.*** Marhaba may state on its websites that the owners of the website(s) also own and operate the KALUSTYAN'S Permitted Retail Stores and provide links to its website(s) from any other website permitted by this Agreement, using language such as "for online orders please visit: FoodsotNations.com." . . . On pages of its website(s) where Marhaba offers for sale online house brand spices, seasoning blends, spice mixes, capsicums, herbs, essential oils and aromatics that are not labeled KALUSTYAN'S, ***Marhaba shall not use the mark KALUSTYAN'S including in the header,*** but is permitted but not required to use the name "HOUSE BRAND" and/or its logo without the name KALUSTYAN'S at the top of such pages where such items are depicted and/or on such items, such as shown below:



d.  Marahaba's dissolution of Kalusytan's Speciality Foods Inc.:

4.  **KSF Dissolution.**

KSF (Kalusytan's Speciality Foods Inc.) will not operate any business and is in the process of dissolution, and KSF shall take reasonable steps to ensure that paperwork for dissolution is completed and submitted to the appropriate authorities by no later than five (5) months following the Effective Date of this Agreement.

53.  Marhaba was prohibited from filing applications to register the Kalustyan mark without Plaintiff's permission:

6.  **Trademark Registrations. . . .** In the event that Marhaba wishes to file trademark applications on the federal level for a mark that includes the name KALUSTYAN'S or KALUSTYAN, ***Marhaba and Kalustyan Corp. shall meet and confer in good faith with respect to such new federal filings and Kalustyan Corp. shall not unreasonably delay or withhold consent for filings otherwise consistent with the terms of this Agreement and not inconsistent with Kalustyan Corp.'s trademark rights***. If Marhaba and Kalustyan Corp. are unable to agree upon terms for such new federal filings, then, subject to a change in circumstances relating to the businesses of either Marhaba or Kalustyan Corp. since the signing of this Agreement, ***the rebuttable presumption shall be that the new federal filings will not proceed.***

54.  Kalustyan Corp. took on no added obligations under the Agreement:

    5.  **Use of KALUSTYAN by Kalustyan Corp.**

   (a)  ***Kalustyan Corp. is not required to make any changes to its current use of KALUSTYAN.***
   (b)  ***Kalustyan Corp. will not use KALUSTYAN or any similar brand to operate any retail stores or retail kiosks in the Permitted Area.***
   (c)  Kalustyan Corp. shall not sell spices labelled with the KALUSTYAN trademark in containers of less than 16 oz., by volume.

55.    The Agreement further provides for mutual cooperation, mutual releases, and the duty to confer in good faith:

   12. **Mutual Cooperation.** The Parties agree to cooperate in mutual good faith to mitigate the cause of any confusion or alleged confusion and to take reasonable steps consistent with the provisions of this Agreement within a reasonable amount of time to prevent any such confusion or mistake from arising in the future. For example, the Parties will cooperate to develop appropriate statements to be made regarding the relationship between the Parties in response to any inquiries regarding the same.

   17. **Duty to Confer in Good Faith.**  ***No future claim, action or proceeding of any type, including a claim based on any rights reserved in this Agreement (a "Future Claim") may be brought, commenced or asserted by either Party against the other Party, unless and until the Parties have first attempted in good faith to resolve the Future Claim, by telephone, written correspondence, or in person.***

56.    On February 6, 2024 and February 9, 2024, Marahaba, in breach of the Agreement, filed Trademark Application No. 98/393,944 and 98/399,849, respectively. On September 6, 2024 and August 30, 2024, respectively, the USPTO issued non-final Office Actions rejecting the applications based on a conflict with the registrations owned by Kalustyan Corp.

57.    The filings by Marhaba were made without the authorization of or first conferring with Kalustyan Corp., and in violation of their Limited License.

58.    On February 28, 2025, Marhaba filed a Petition for Cancellation (the "2025 Petition to Cancel") against all Kalustyan Corp.'s marks before the TTAB.

59.    Pursuant to the Settlement Agreement, Kalustyan Corp. provided notice to Marhaba of its wrongful acts and their Breach and Opportunity to Cure on May 9, 2025.

60.    Plaintiff has in good faith attempted to confer with Defendants without success.

## DEFENDANTS' WRONGFUL ACTS

61.    Defendants have violated the Limited License and the Settlement Agreement and have engaged in infringement of the KALUSYTAN® and KALUSYTAN'S® mark(s) owned by Kalustyan Corporation.

62.    Defendants have infringed Plaintiff's rights in the KALUSYTAN'S® trademark.

63.    Defendants, in breach of the Agreement, have made sales of Retail Kalustyan Spices over the Internet.

64.    Defendants, in breach of the Agreement, have made sales of spices in quantities larger than 5 pounds.

65.    Defendants, in breach of the Agreement, have used the Kalustyan marks beyond the scope of the license granted, including but not limited to using the Kalustyan marks on packaging, in headers, by third parties under the control and in advertising and marketing materials.

66.    Defendants, in breach of the Agreement, have failed to dissolve Kalustyan Specialty Foods, a New York corporation.

67.    Defendants, in breach of the Agreement, have used the mark KALUSYTAN'S® on web pages that depict Marhaba's house brand spices, seasoning blends, spice mixes, capsicums, herbs, essential oils and aromatics. A true and correct copy of the relevant screenshot is attached hereto as *Exhibit "A"* and incorporated herein by reference.

68.    Defendants, in breach of the Agreement, have shipped Retail Kalustyan Spices from its warehouse directly to customers in violation of the Agreement.

69.    Defendants' use of the KALUSYTAN'S® mark in association with online

marketing and sales of spices and foods directly conflicts with and is likely to cause confusion with the use by Kalustyan Corp. of its well-known KALUSYTAN® mark for sales of spices, seasoning blends, spice mixes, capsicums, herbs, aromatics, and essential oils.

70. Defendants are willfully and intentionally creating initial interest confusion by optimizing search engine results such that searches for "KALUSTYAN Spices" return links to Marhaba's website (foodsofnations.com), misleading consumers into believing they are purchasing Kalustyan Corp. spices, spice mixes, and seasoning blends, *inter alia*. A true and correct screenshot is attached hereto as *Exhibit "B"* and incorporated herein by reference.

71. Defendants, in breach of the Agreement, have used the KALUSYTAN'S® mark on Retail Kalustyan's Spices in over five (5) pound packages, and combination of packages, in violation of the Agreement.

72. Defendants, in breach of the Agreement, have filed applications to register the KALUSYTAN'S® mark as its own trademark, Application Serial Nos. 98/393,944 and 98/399,849 filed by Marhaba February 6, 2024, and February 9, 2024, respectively.

73. Defendants, in breach of the Agreement, filed the foregoing trademark applications without first meeting and conferring in good faith with Kalustyan Corp.

74. Defendants, in breach of the Agreement, have failed to cooperate in good faith to mitigate the cause of any confusion or take reasonable steps consistent with the provisions of the Settlement Agreement within a reasonable amount of time to prevent any such confusion, pursuant to Paragraph 12 of the Settlement Agreement.

75. Defendants, in breach of the Agreement, have Petitioned to cancel all of Plaintiff's KALUSTYAN® trademarks with the TTAB.

76. Defendants, in breach of the Agreement and in bad faith, have Petitioned to cancel

Plaintiff's KALUSTYAN® trademarks Registrations that have no relevance to the instant proceeding, including but not limited U.S. Registration Nos. 5,827,681 and 6,750,773.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Trademark Ownership)

77. Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1-76 of this Complaint, as if set forth here in full.

78. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and realty to warrant the issuance of a declaratory judgment that Plaintiff is the owner of the KALUSTYAN® marks.

79. A judicial declaration is necessary and appropriate so that Plaintiff may establish that Defendant's use of the KALUSTYAN® mark, pursuant to its Limited License and the provisions set forth in the Agreement, inure to the benefit of Plaintiff.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Trademark Infringement)

80. Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1-79 of this Complaint, as if set forth here in full.

81. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and realty to warrant the issuance of a declaratory judgment that Defendant has, and continues, to breach its Limited License of the KALUSTYAN® mark.

82. A judicial declaration is necessary and appropriate so that Plaintiff may establish that Defendant's use of the KALUSTYAN® mark, in connection with, *inter alia*, online sales of KALUSTYAN® products, namely spices, seasoning blends, and spice mixes constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

## THIRD CAUSE OF ACTION
### (Declaratory Judgment that Plaintiff's Kalustyan's Registrations Are Valid)

83.    Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1-82 of this Complaint, as if set forth here in full.

84.    Defendant previously filed a Petition to Cancel Plaintiff's '225 and '239 trademarks, also at issue here.

85.    Defendant withdrew said Petition to Cancel.

86.    Plaintiff and Defendant were parties to a prior action in the United States District Court for the District of New Jersey, Civil Action No. 2:18-cv-05655-MCA-SCM, in which Plaintiff and Defendant disputed, *inter alia*, the ownership of the KALUSTYAN® and KALUSTYAN'S® marks, trademark infringement and violation of section 43(a) of the Lanham Act.

87.    The 2018 litigation was dismissed **with prejudice**.

88.    During the 2018 litigation, the resultant Settlement Agreement and the 2016 Petition to Cancel by Defendant, Defendant knew of Plaintiff's use of Defendant's Kalustyan's retail establishment as the source of supporting specimens for the '225 and '239 Kalustyan Registrations, yet Defendant failed to raise this issue at that time.

89.    The Settlement Agreement entered into did not prohibit Plaintiff's continued use of Defendant Marhaba's Kalustyan's retail location as the source of supporting specimens for the Kalustyan and KALUSTYAN'S® Registrations.

90.    The claims and grounds for cancellation that Defendant now asserts in the 2025 Petition to Cancel all of Plaintiff's marks are based on the same nucleus of operative facts as those that were or could have been litigated in the prior action and in the 2016 Petition to Cancel.

91.     Under the doctrines of res judicata and collateral estoppel, Defendant is barred from asserting the claims arising from the same transactional facts as the previously filed and withdrawn cancellation proceeding.

92.     Under the doctrine of res judicata and collateral estoppel, Defendant is barred from instituting a Petition to Cancel arising from the same transactional facts as the 2018 Litigation, which was decided on the merits, and Defendant previously had the opportunity and obligation to fully litigate in the earlier proceeding.

93.     A judicial declaration is necessary and appropriate so that Plaintiff may establish that Defendant's institution of the Petition to Cancel with the TTAB is precluded by res judicata and collateral estoppel.

94.     A judicial declaration is necessary and appropriate so that Plaintiff may establish that Defendant's claims that Plaintiff's Kalustyan Registrations, *inter alia*, are not procured by fraud or deceptiveness, do not suggest false connections, cause confusion, or misrepresent the source of the goods.

<u>**FOURTH CAUSE OF ACTION**</u>
**(Trademark Infringement in Violation of 15 U.S.C. § 1114(1))**

95.     Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1-94 of this Complaint, as if set forth here in full.

96.     Plaintiff's KALUSYTAN® mark is an inherently distinctive, strong, valid, and protectable trademark owned by Plaintiff.

97.     By virtue of its ownership, registrations, and Limited License agreement provided to Defendant, Plaintiff owns the KALUSTYAN® marks.

98.    Pursuant to the Settlement Agreement, Plaintiff has the exclusive use of the KALUSYTAN® mark for "Spices; spice mixes; seasonings, namely, capsicums; dried herbs; aromatics being food seasonings" sold in the United States.

99.    Plaintiff's KALUSYTAN® mark is used for the wholesale distribution of spices, seasoning blends, spice mixes, capsicums, herbs, aromatics, and essential oils and as a mark for such products has achieved considerable recognition and valuable goodwill.

100.    Plaintiff is known for its rigorous quality control and standards for the spices, seasoning blends, spice mixes, capsicums, herbs, aromatics, and essential oils that it distributes under the mark KALUSYTAN®.

101.    Defendants, by use of the mark KALUSYTAN'S® in connection with the sales of spices and other products beyond retail sales from the retail store at 123-125-127 Lexington Avenue, have used false designations of origin and false descriptions and representations which tend to falsely describe or represent such goods and services as being from, sponsored by, or authorized by the owner of the KALUSYTAN® mark, and have caused such goods and services to enter into commerce with full knowledge of the falsity of such designations of origin, all to the detriment of Plaintiff.

102.    Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the KALUSYTAN® mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

103.    Defendant uses the KALUSYTAN® mark in connection with the sale, advertising, and promotion of spices, seasoning blends, spice mixes, capsicums, herbs, aromatics, and essential oils.

104. Defendants' use in commerce of the KALUSYTAN® mark is likely to cause confusion, to cause mistake, or to deceive with respect to Plaintiff's identical mark.

105. The above-described acts of Defendant constitute infringement of registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

106. Defendants have unfairly profited from its trademark infringement.

107. By reason of Defendants' acts of trademark infringement, Plaintiff has suffered damage to the goodwill associated with its mark.

108. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff, its federally registered trademark and the valuable goodwill associated with that trademark.

109. Defendants' acts of trademark infringement have irreparably harmed, and if not enjoined, will continue to irreparably harm the interests of the public in being free from confusion, mistake, and deception.

110. By reason of Defendants' acts, Plaintiff's remedies at law are not adequate to compensate for the injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to entry of preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

111. By reason of Defendants' willful acts of trademark infringement, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117.

112. This is an exceptional case, making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**FIFTH CAUSE OF ACTION**

**(Trademark Infringement, Use of False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a)(1)(A))**

113.    Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1-112 of this Complaint, as if set forth here in full.

114.    Defendant uses the KALUSYTAN® mark in commerce in connection with Defendants' goods and services and in commercial advertising and promotion of its goods and services.

115.    Defendant uses the KALUSYTAN® mark in commerce in a manner that is likely to cause confusion, or to cause mistake, or to deceive the relevant public into believing that Defendants' goods or services are authorized, sponsored, approved by, or otherwise affiliated with Plaintiff, with Plaintiff's genuine KALUSYTAN® goods and services, and/or with the KALUSYTAN® mark.

116.    The above-described acts of Defendant constitute infringement of the KALUSYTAN® mark and use of false designations of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), entitling Plaintiff to relief.

117.    Defendants have unfairly profited from the actions alleged.

118.    By reason of the above-described acts of Defendant, Plaintiff has suffered damage to the goodwill associated with the KALUSYTAN® trademark.

119.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff, the KALUSYTAN® trademark, and the valuable goodwill associated with the trademark.

120.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion,

mistake, and deception.

121.    By reason of Defendants' acts, Plaintiff' remedies at law are not adequate to compensate for the injuries inflicted by Defendant. Accordingly, Plaintiff are entitled to entry of preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

122.    Because the above-described acts of Defendant are willful, Plaintiff are entitled to treble damages under 15 U.S.C. § 1117.

123.    This is an exceptional case, making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**SIXTH CAUSE OF ACTION**
**(Common-Law Unfair Competition)**

124.    Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1-123 of this Complaint, as if set forth here in full.

125.    The above-described acts of Defendant constitute common law unfair competition.

126.    The above-described acts of Defendant unfairly and wrongfully exploit Plaintiff' trademark, goodwill and reputation.

127.    By reason of the above-described acts of Defendant, Plaintiff have suffered damage to the goodwill associated with the KALUSYTAN® trademark.

128.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and the KALUSYTAN® trademark.

129.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

130.    By reason of Defendants' acts, Plaintiff' remedies at law are not adequate to compensate for the injuries inflicted by Defendant. Accordingly, Plaintiff are entitled to entry of

preliminary and permanent injunctive relief, in addition to monetary relief in the form of disgorgement of Defendants' profits, and corrective advertising costs.

### SEVENTH CAUSE OF ACTION
**(Defendants' False and Misleading Advertising and Promotion
in Violation of 15 U.S.C. § 1125(a)(1)(B))**

131.    Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1-130 of this Complaint, as if set forth here in full.

132.    Defendants' practices, as described in this Complaint, constitute unfair competition and false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

133.    Defendants have violated the Lanham Act by using false or misleading descriptions of fact and false or misleading representations of fact in its commercial advertising or promotion that misrepresent the nature, characteristics, and/or qualities of Defendants' business practices and goods and services, as set forth above.

134.    The above-described acts of Defendant, if not enjoined by this Court, have, and will continue to deceive members of the general public.

135.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff.

136.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

137.    By reason of Defendants' acts as alleged above, Plaintiff have suffered and will continue to suffer injuries, including injury to Plaintiff' business reputation. However, Plaintiff' remedies at law are not adequate to compensate for all the injuries inflicted by Defendant.

Accordingly, Plaintiff are entitled to entry of preliminary and permanent injunctive relief requiring Defendant to cease its false and misleading advertising and promotion and unfair competitive practices.

### EIGHTH CAUSE OF ACTION
**(Breach of Contract)**

138.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-137, as if set forth here in full.

139.    Defendants, in breach of the Agreement, have made sales of Retail Kalustyan Spices over the Internet.

140.    Defendants, in breach of the Agreement, have made sales of spices in quantities larger than 5 pounds.

141.    Defendants, in breach of the Agreement, have used the Kalustyan marks beyond the scope of the license granted, including but not limited to using the Kalustyan marks on labels, on packaging, in headers, by third parties under its control and in advertising and marketing materials.

142.    Defendants, in breach of the Agreement, have failed to dissolve Kalustyan Specialty Foods, a New York corporation.

143.    Defendants, in breach of the Agreement, have used the mark KALUSYTAN'S® on web pages that depict Marhaba's house brand spices, seasoning blends, spice mixes, capsicums, herbs, essential oils and aromatics. A true and correct copy of the relevant screenshot is attached hereto as *Exhibit A* and incorporated herein by reference.

144.    Defendants, in breach of the Agreement, have shipped Retail Kalustyan Spices from its warehouse directly to customers in violation of the Agreement.

145.    Defendants' use of the KALUSYTAN'S® mark in association with online

marketing and sales of spices and foods directly conflicts with and is likely to cause confusion with the use by Kalustyan Corp. of its well-known KALUSYTAN® mark for sales of spices, seasoning blends, spice mixes, capsicums, herbs, aromatics, and essential oils.

146.    As a remedy for such breach, Plaintiff is entitled to: terminate the Limited License and the Agreement for cause; rescission of the Limited License and Agreement and upon such termination and recission, Defendants shall be obligated to discontinue all use of the KALUSYTAN'S® mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.    A declaration and finding that Plaintiff owns the KALUSTYAN® marks, and that Defendant's uses inure to the benefit of Plaintiff;

B.    A declaration and finding that Defendants' use of the mark is authorized solely under a Limited, non-exclusive License;

C.    A declaration and finding that Defendants have materially breached the Limited License to use the mark KALUSYTAN'S®, and an order to discontinue all use of the mark KALUSYTAN'S®;

D.    A declaration and finding that Defendant has infringed, directly and indirectly, on Plaintiff's valid and enforceable trademark rights;

E.    A declaration and finding that Plaintiff's Kalustyan Registrations are all valid and enforceable.

F.    A declaration and finding that Defendant has materially breached the provisions of the Settlement Agreement;

G.    Preliminary and permanent injunction enjoining the Defendants, their officers,

employees, servants, and agents, and all persons in active concert, privity or participation with them, from employing the mark KALUSYTAN®, KALUSYTAN'S®, or any other name or trademark that would be considered confusingly similar to Plaintiff's trademark KALUSYTAN®, for or in connection with any online sales of spices or other food products;

H.     An accounting to determine the profits Defendants have made in connection with their infringement and an award of such profits to Plaintiff;

I.     An award of compensatory damages arising out of Defendants' infringement and a trebling of such award, as provided by 15 U.S.C. § 1117;

J.     An order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements, having, showing, or employing any mark or design enjoined above shall be delivered to Plaintiff and destroyed;

K.     An award to Plaintiff of its reasonable attorney fees and costs in the action on the ground that this is an exceptional case; and

L.     Such other and further relief as the court may deem just and necessary.

THE MCHATTIE LAW FIRM

By: */s/ Christopher McHattie*
Christopher J. McHattie, Esq.
550 West Main Street
Boonton, NJ 07005
(973) 402-5505
cmchattie@mchattielaw.com
Dated: 6/10/2025                    *Attorneys for Plaintiff*

27

# EXHIBIT A



# EXHIBIT B

