**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KALUSTYAN CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARHABA INTERNATIONAL, INC.,<br><br>Defendant. | Civil Action No. 25-9520 (SDW) (ADS)<br><br>**OPINION**<br><br>October 21, 2026 |

**WIGENTON**, District Judge.

Before this Court is Plaintiff and Counterclaim-Defendant Kalustyan Corporation's ("Plaintiff" or "Kalustyan") Motion to Dismiss Defendant and Counterclaim-Plaintiff Marhaba International, Inc.'s Counterclaims, (D.E. 58 ("Motion")), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a), and 15 U.S.C. § 1121. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated herein, the Motion is **GRANTED.**

## I. FACTUAL BACKGROUND

The genesis of this spice saga harkens back to 1944, when Kerope Kalustyan "began use of the KALUSTYAN® and KALUSTYAN'S® (collectively, 'KALUSTYAN®') brand as the

[1] Citations to "D.E." refer to docket entries in the Court's Electronic Case Filing System for this matter and any internal citations contained therein, unless otherwise indicated.

name of a retail store, featuring spices" at 123 Lexington Avenue, Manhattan, New York (hereinafter, "123 Lexington Avenue"). (D.E. 1 ("Compl.") ¶ 10.) Then, sometime between 1948 and 1979, Ohannes Bas ("Mr. Bas") became the president and a principal in Kerope's business, Kalustyan Orient Expert Trading Corporation ("Kalustyan Orient"). (*Id.* ¶¶ 11–12.) In 1983, Mr. Bas purchased the building at 123 Lexington Avenue and "continued to run Kalustyan Orient's KALUSTYAN'S® retail operation out of that location."[2] (*Id.* ¶ 13.)

Five years later, Mr. Bas "sold the contents of the retail KALUSTYAN'S® store business" to Aziz Osmani and Marhaba International, Inc. ("Marhaba" or "Defendant") "by selling the inventory, providing a lease for the store premises in the building he owned, and granting a limited license to Marhaba to use the KALUSTYAN'S® brand at that location (the 'Limited License')." (Compl. ¶ 16.) According to Plaintiff, this Limited License "permitted Marhaba to use the KALUSTYAN'S® brand restricted to retail sales at the 123 Lexington Avenue location ***only***." (*Id.* ¶ 17.)

In April 1995, Mr. Bas and his business partner merged Kalustyan Orient into Kalustyan Corporation, which "succeeded to all right[sic], title and interest, including but not limited to[,] intellectual property rights and the rights in the KALUSTYAN® brand and trademark." (*Id.* ¶ 19.) Thereafter and presently, Kalustyan Corporation distributes spices, seasoning blends, spice mixes, capsicums, herbs, aromatics, and essential oils. (*Id.* ¶ 20.)

In April 2011, Marhaba filed a trademark application for KALUSTYAN'S, but later abandoned it after its principals "acknowledged and admitted that their use of the KALUSTYAN'S name for the retail store was pursuant to the Limited License." (Compl. ¶¶ 21–22, 24.) A month later, Mr. Bas filed two applications to register the mark KALUSTYAN'S® and

[2] According to Plaintiff, "an entity controlled by the Bas family [still] owns that building today." (Compl. ¶ 13.)

KALUSTYAN'S® logo applications for federal registration of the KALUSTYAN'S® mark and logo for retail store services, using "specimens of Marhaba's Kalustyan's Retail operations," to which Marhaba did not object.[3] (*Id.* ¶¶ 23, 25, 26, 28.) However, in 2016, Marhaba not only renewed its efforts to register the KALUSTYAN'S® mark as its own trademark, but it also filed a petition seeking to cancel Mr. Bas's registrations. (*Id.* ¶¶ 37–38.)

After Mr. Bas passed away in December 2011, the rights to the KALUSTYAN® marks were assigned to Kalustname, LLC ("Kalustname"), which later assigned them to Plaintiff on October 5, 2017. (Compl. ¶¶ 29–30, 35.) In or about April 2017, Kalustname also "confirmed the Limited License to Marhaba to use the mark KALUSTYAN'S® to operate a retail store only at 123 Lexington Avenue." (*Id.* ¶ 33.) By April 2018, Plaintiff sued Marhaba for trademark infringement of the KALUSTYAN® mark and violating the Limited License ("the 2018 Litigation").[4] (*Id.* ¶ 48.) The parties ultimately dismissed the matter with prejudice and entered into a settlement agreement (the "2019 Settlement Agreement" or "the Agreement"). (*Id.* ¶¶ 49–50.)

---

[3] The United States Patent and Trademark Office ("USPTO") granted both applications and issued Registration Numbers 4,067,225 ("the '225 Registration") and 4,111,239 ("the '239 Registration"). (Compl. ¶ 23.) While the '239 Registration was abandoned and cancelled, the '225 Registration is now incontestable. (*Id.* ¶ 27.) When a mark becomes incontestable, its "registration [is] conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b).

In addition to the aforementioned registrations, Plaintiff owns the following live trademark registrations: 6,721,958 ("the '958 Registration"); 6,750,391 ("the '391 Registration"); 6,811,308 ("the '308 Registration"); 5,827,681 ("the '681 Registration"); and 6,750,773 ("the '773 Registration"). (Compl. ¶ 47.)

[4] More specifically, Plaintiff alleged that Marhaba violated the Limited License by: expanding its business into adjoining buildings; using the KALUSTYAN'S mark in online sales; forming Kalustyan's Specialty Foods Inc. to conduct online sales of spices and foods under the KALUSTYAN'S mark; and filing applications to register the KALUSTYAN'S mark as its own. (Dkt. No. 18-5655, D.E. 5 ¶¶ 19–21, 23.)

The 2019 Settlement Agreement provides that "Marhaba owns the mark KALUSTYAN'S for retail store services at the retail location of 123-125-127 Lexington Avenue, New York, New York" and that "Marhaba shall use the KALUSTYAN'S mark only for the one retail store location in the New York – New Jersey – Connecticut tristate area," while limiting the products Marhaba can sell and barring the online sale of "Retail Kalustyan's Spices." (*Id.* ¶¶ 52(a), (c)(3).) The 2019 Settlement Agreement sets forth certain obligations on both parties if Marhaba "wishes to file trademark applications on the federal level for a mark that includes the name KALUSTYAN'S or KALUSTYAN." (Compl. ¶ 53.) Similarly, the Agreement imposed a duty on both parties to confer in good faith for a "future claim, action or proceeding of any type, including a claim based on any rights reserved" in the Agreement. (*Id.* ¶ 55.)

## II. PROCEDURAL HISTORY

On June 10, 2025, Plaintiff initiated the instant action against Marhaba. (D.E. 1.) Plaintiff seeks a declaratory judgment that: (a) it is the owner of the KALUSTYAN® marks; (b) Defendant "has, and continues, to breach its Limited License of the KALUSTYAN® mark"; and (c) its KALUSTYAN's registrations are valid, (Counts I through III). (Compl. at 17–19.) Plaintiff also asserts the following causes of action: trademark infringement in violation of 15 U.S.C. § 1114(1) (Count IV); trademark infringement, use of false designation of origin, and unfair competition contra 15 U.S.C. § 1125(a)(1)(A) (Count V); common law unfair competition (Count VI); unfair competition and false advertising in violation of 15 U.S.C. § 1125(a)(1)(B) (Count VII); and breach of contract (Count VIII). (*Id.* at 19–26.)

In essence, Plaintiff alleges that Marhaba has violated the Limited License and 2019 Settlement Agreement by committing wrongful acts such as filing trademark registrations without first conferring with Plaintiff; filing a Petition for Cancellation against all of Plaintiff's marks

before the Trademark Trial and Appeal Board ("TTAB"); and selling Retail Kalustyan Spices over the Internet, among others. (Compl. ¶¶ 61, 63, 73, 75.)

On March 18, 2026, Defendant filed its answer and asserted counterclaims against Plaintiff. (D.E. 49 ("Answer").) As part of its counterclaims, Marhaba seeks a declaratory judgment that: (a) Marhaba is "the sole and exclusive owner of the 'KALUSTYAN'S' mark for retail store services and related retail product sales" (Counterclaim ("Countercl.") I); (b) "its past and current use of the [KALUSTYAN'S] mark does not infringe any valid trademark rights held by Kalustyan Corp." (Countercl. V); (c) Kalustyan Corp.'s '225, '958, '391, and '308 Registrations (hereinafter, the "Challenged Registrations") are "invalid and/or unenforceable" against Marhaba (Countercl. VIII); and (d) Kalustyan Corp. is precluded from enforcing the 2019 Settlement Agreement, obtaining injunctive or other equitable relief, and that "[a]ny alleged non-performance by Marhaba is excused, in whole or in part, by Kalusytan Corp.'s prior material breaches" (Countercl. IX). (Answer at 34–35, 41, 45–49.) Marhaba also seeks cancellation of the Challenged Registrations on theories of fraud (Countercl. II) and non-use and lack of ownership pursuant to 15 U.S.C. §§ 1064 and 1119 (Countercls. III and IV, respectively). (*Id.* at 35–41.) Lastly, Marhaba alleges breach of contract[5] (Countercl. VI) and abandonment due to naked licensing (Countercl. VII). (*Id.* at 41–45.)

On April 29, 2026, Plaintiff moved to dismiss all but one of Marhaba's counterclaims.[6] (D.E. 58.) Defendant opposed. (D.E. 66.) The parties timely completed briefing. (D.E. 58, 66, 68.)

---

[5] Marhaba's breach of contract claim alleges breach of the 2019 Settlement Agreement in three ways: (a) failure to satisfy condition precedent, (b) wrongful expansion of rights, and (c) misappropriation of goodwill. (Answer at 42.)

[6] Plaintiff concedes that Counterclaim VI(a) for breach of contract premised on a failure to satisfy condition precedent theory states a valid claim. (D.E. 58-1 at 26.) Thus, that counterclaim survives.

## III. LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), a complaint must contain "sufficient factual allegations, accepted as true, to 'state a claim for relied that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "Counterclaims must meet the same pleading standards as affirmative claims, and motions to dismiss counterclaims for failure to state a claim are evaluated under the same standards as motions to dismiss affirmative claims." *Dill v. Yellin*, 725 F. Supp. 3d 471, 480 (D.N.J. 2024).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. On a Rule 12(b)(6) motion, courts must accept as true the well-pleaded facts of a complaint and any reasonable inference that may be drawn from those facts but need not credit conclusory statements couched as factual allegations. *Id.* at 678. Generally, a district court ruling on a motion to dismiss "may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a "'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Id.* (alteration in original) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

## IV. DISCUSSION

"Claim preclusion, formerly referred to as res jusdicata, gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the prior proceeding." *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992). Claim preclusion requires a showing that "there has been (1) a final

judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). "The purpose of the principle of res judicata is to end litigation. The theory is that parties should not have to litigate issues which they have already litigated or had a reasonable opportunity to litigate." *Williamson v. Columbia Gas & Elec. Corp.*, 186 F.2d 464, 469 (3d Cir. 1950).

Here, the first and second elements are easily met. Kalustyan Corp. and Marhaba were both parties to the 2018 Litigation which ended upon Kalustyan's filing, and the court's approval, of a stipulation of dismissal with prejudice. (Dkt. No. 18-5655, D.E. 37); *see Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) ("A dismissal with prejudice 'operates as an adjudication on the merits,' so it ordinarily precludes future claims." (quoting *Landon v. Hunt*, 977 F.2d 829, 832–33 (3d Cir. 1992))). *See also Toscano v. Connecticut Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) ("The express terms of a settlement agreement, not merely the terms of the judgment, determine the bounds of preclusion after settlement.").

The third element requires a more detailed examination. Given that the term "'[c]ause of action' cannot be precisely defined," the Third Circuit considers a number of factors while being led by the principle that "res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims," as opposed to the specific legal theory invoked. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983–84 (3d Cir. 1984) (first quoting *Donegal Steel Foundry Co. v. Accurate Prods. Co.*, 516 F.2d 583, 588 n.10 (3d Cir. 1975), then quoting *Davis v. United States Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982)). The factors are: (1) "whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions)"; (2) whether the theory of recovery

is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the material facts alleged are the same. *Athlone*, 746 F.3d at 984 (citations omitted).

Marhaba's counterclaims, save the breach of contract claim premised on a failure to satisfy condition precedent theory, assert causes of action that were either previously litigated or that Marhaba had a reasonable opportunity to litigate during the 2018 Litigation and addressed by the 2019 Settlement Agreement. The factual underpinnings of Marhaba's counterclaims target conduct and issues encompassed and/or explicitly addressed by the 2019 Settlement Agreement such as: the extent to and purpose for which Marhaba "owns" the KALUSTYAN'S mark vis-à-vis Kalustyan's ownership; Marhaba's use of the KALUSTYAN'S mark "only for the one retail store location" at 123 Lexington Avenue; Kalustyan's ownership of several trademark registrations; Marhaba's attempts to cancel Kalustyan's registrations in 2011 and 2016; and Marhaba's ability to file for "a mark that includes the name KALUSTYAN'S or KALUSTYAN"; (D.E. 58-2 at 8–9, 10, 14–15.) While couched in different legal theories such as fraud and lack of ownership, to adjudicate Marhaba's counterclaims would be to resurrect many of the same disputes at the heart of the 2018 Litigation and 2019 Settlement Agreement. Yet "[c]laim preclusion prevents a party from prevailing on issues he might have but did not assert in the first action." *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988). Marhaba's counterclaims are barred by the doctrine of claim preclusion.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion is **GRANTED**. Defendant's Counterclaims I through V, VI(b), VI(c), VII through IX are **DISMISSED**; Counterclaim VI(a) remains. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Alex D. Silagi, U.S.M.J.